**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA   **CIV-RYSKAMP**

Civil Action No. **04-80562**

MAGISTRATE JUDGE
VITUNAC

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

NEXT FINANCIAL SERVICES UNLIMITED, INC.,
NEW WORLD TRADING, LLC, AARON ETTINGER,
and ROBERT LAROCCA,

Defendants.

**Complaint for Injunctive And Other Equitable Relief And For Civil Penalties Under The Commodity Exchange Act, As Amended, 7 U.S.C. §§ 1-25**

### I.   SUMMARY

1.   Since at least September 2003 and continuing to the present, Next Financial Services Unlimited, Inc., and Associated Persons Aaron Ettinger and Robert LaRocca have fraudulently solicited, at a minimum, $344,000 from at least five retail customers in the United States and Canada to invest in foreign currency options contracts. During the course of their solicitations, Defendants engaged in fraudulent sales solicitations by: (1) misrepresenting the profit potential of foreign currency options contracts; (2) misrepresenting the risk involved in trading foreign currency options contracts; (3) misleading customers by citing and relying upon well-known public information that was already factored into the options prices; (4) misrepresenting the current trading record of at least one customer's account; and (5) misrepresenting the level of trading experience of its employees. Since at least March, 2004, Ettinger has also solicited funds on behalf of New World Trading, and Ettinger notified one

1



customer that Next Financial Services Unlimited, Inc. had changed its name to New World Trading.

2.     By making such material misrepresentations and omissions, Defendants have engaged, are engaging, or are about to engage in acts and practices which violate the anti-fraud provisions of Section 4c(b) of the Commodity Exchange Act, as amended, 7 U.S.C. §§ 6c(b)(2001) and Commission Regulation § 32.9(a) and (c), 17 C.F.R.§ 32.9(a) and (c)(2002).

3.     Accordingly, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Plaintiff Commodity Futures Trading Commission ("Commission") brings this action to enjoin Defendants' unlawful acts and practices and to compel their compliance with the Act and Commission Regulations ("Regulations").  In addition, the Commission seeks civil monetary penalties, restitution to customers for losses proximately caused by Defendants' fraud, disgorgement of Defendants' ill-gotten gains, and such other relief as this Court may deem necessary or appropriate.

4.     Unless restrained and enjoined by this Court, Defendants are likely to continue to engage in acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

## II.

## JURISDICTION AND VENUE

5.     The Commodity Exchange Act, 7 U.S.C. § 1 et seq. (2001) (the "Act") establishes a comprehensive system for regulating the purchase and sale of commodity options contracts. This Court has jurisdiction over this action pursuant to Sections 6c and 6d of the Act, 7 U.S.C. § 13a-1 and § 13a-2 (2001).

6. Section 6c of the Act provides that whenever it shall appear to the Commodity Futures Trading Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action against such person to enjoin such practice or to enforce compliance with the Act.

7. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2001), in that Defendants transact business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur, within this District, among other places.

## III.

## THE PARTIES

8. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency which is charged with the administration and enforcement of the Act, 7 U.S.C. §§ 1 et seq., and the Regulations promulgated thereunder.

9. Defendant **Next Financial Services Unlimited Inc.** ("Next Financial"), is a Florida corporation with its principal place of business at 110 East Atlantic Avenue, Suite 310, Delray Beach, Florida 33444. Next Financial has been registered with the Commission as an Introducing Broker[1] from December 5, 2003 to the present.

---

[1] The term "introducing broker" ("IB") is defined in Section 1a(23) of the Act, 7 U.S.C. 1a(23), and Commission Regulation 1.3(mm), 17 C.F.R. § 1.3(mm), with certain qualifications, as any person who, for compensation or profit, whether directly or indirectly, is engaged in soliciting or in accepting orders for the purchase of sale of any commodity for future delivery on or subject to the rules of any contract market who does not accept any money, securities or property to margin, guarantee, or secure any trades or contracts that result or may result therefrom.

3

10. Defendant **New World Trading LLC** ("New World"), is a Florida corporation with its principal place of business at 110 East Atlantic Avenue, Suite 310, Delray Beach, Florida 33444. New World has been registered with the Commission as an Introducing Broker from March 26, 2004 to the present.

11. Defendant **Aaron Ettinger**, a resident of Boca Raton, Florida 33431, was a registered Associated Person[2] of Executive Commodity Corporation (February 2001-June 2003), Millennium Commodity Corporation (June-August 2003), and Bentley Trading Group (withdrew pending status September 2003). Ettinger is not registered at this time.

12. Defendant **Robert LaRocca**, a resident of Delray Beach, Florida 33483, is a registered Associated Person of Futuretech Trading Group Inc. as of March 2, 2004. Futuretech Trading Group maintains its principal place of business at the same address as Next Financial and New World.

## V. STATEMENT OF FACTS

### A. The Next Financial And New World Investment

13. Since on or about September 2003 and continuing to the present ("the relevant time period"), Next Financial and New World, by and through their employees, including, but not limited to Ettinger and LaRocca, solicited prospective customers to open options trading

---

[2] The term "associated person" ("AP") is defined in Commission Regulation 1.3(aa)(1) and (2), 17 C.F.R. § 1.3(aa)(1) and (2), with certain qualifications, as a natural person associated with any FCM or IB, as a partner, officer, employee, consultant, or agent (or any person occupying a similar status or performing similar functions), in any capacity that involves: (i) the solicitation or acceptance of customers' or options customers' orders; or (ii) the supervision of any person or persons so engaged.

accounts at Qix, Inc. ("Qix") or at FCM One Forex, Inc. ("One Forex"), which are registered futures commission merchants[3] ("FCM") with the Commission.

14.     Qix originally maintained all of Next Financial customers' accounts. However, Ettinger told at least one Next Financial customer that, due to some confusion with a company in Texas, Next Financial had to change its name to New World. Operating as New World, the Defendants solicited prospective customers to open options trading accounts at One Forex rather than Qix.

15.     Although Qix or One Forex maintained the Next Financial or New World customer accounts, Next Financial and subsequently New World APs traded and managed the customer accounts.

16.     During the relevant time period, Defendants and other Next Financial and New World employees solicited prospective customers through unsolicited telephone calls and promotional literature. As of March 1, 2004, Next Financial also was soliciting prospective customers through its website located at www.nextfinancialservices.com, created on or about September 4, 2003. The website was shut down some time between March 2 and April 17, 2004.

17.     After the initial unsolicited telephone solicitation, Defendants provided customers with account opening documents via the mail, including Federal Express, and facsimile.

---

[3] The term "futures commission merchant" is defined in Section 1a(20) of the Act, 7 U.S.C. § 1a(2), and is further defined in Commission Regulation 1.3(p), 17 C.F.R. § 1.3(p), with certain qualifications, as an individual, association, partnership, corporation, or trust that is engaged in the business of soliciting or accepting orders for the purchase or sale of any commodity for future delivery, or option on commodity futures contract, on or subject to the rules of any contract market and that, in or in connection with such solicitation or acceptance of orders, accepts money, securities or property to margin, guarantee, or secure any trades or contracts that result or may result therefrom.

18.     According to Defendants' instructions, customers executed the account opening documents and sent their investment funds directly to Qix, Inc, and more recently, to One Forex.

19.     Once a member of the public became a Next Financial or New World customer, trades made by the customer were based upon the recommendations of Next Financial and New World APs.

20.     During the course of these solicitations, and as provided in more detail below, Ettinger and LaRocca and the other Next Financial and New World APs engaged in fraudulent sales solicitations by: (1) misrepresenting the profit potential of foreign currency options contracts; (2) misrepresenting the risk involved in trading foreign currency options contracts; (3) misleading customers by citing well-known public information that was already factored into the options prices; (4) misrepresenting the current trading record of at least one customer's account; and (5) misrepresenting the level of trading experience of its employees.

**B.      Defendants' Fraudulent Solicitation of Prospective Customers**

       **1.      Defendants' Fraudulent Misrepresentations Guaranteeing Profits**

21.     Next Financial and New World, through its APs, including but not limited to Ettinger and LaRocca, told customers that certain world events would virtually guarantee a profit for customers. Next Financial and New World, through their APs, including but not limited to Ettinger and LaRocca, commonly used misleading investment advice based upon public information to entice customers to trade with Next Financial and New World. Most if not all of this information was already factored into the existing market pricing of the related commodities by the commodity markets, and thus was unlikely to affect the value of an options position.

22.     For example, Ettinger represented to at least one customer that investing in the Euro was "a sure thing" and that he had "a hot tip" that the Euro was going to go up in the "next

day or so." Another Next Financial AP represented to a second customer that due to the potential for full acceptance by the European Union, the Euro was about to "explode" and investments in the Euro would reap great profits for investors.

23. Ettinger also represented to a third customer that the Euro was about to "explode" and that the customer could be "in on it." Ettinger said that he was so sure of this fact that he had invested six figures of his own money in the market. In the same solicitation, Ettinger told the customer that he could generate huge profits, but that he needed more leverage. Ettinger said that he did not care how the customer got the money, because the customer would get the money back within seven days.

### 2. Defendants' Misrepresentations Concerning the Risk of Loss

24. During the course of the sales solicitations, Next Financial and New World, through their APs, including but not limited to Ettinger and LaRocca, routinely failed to disclose adequately the risk of loss inherent in trading options, and instead made dismissive references to the risk involved in trading. For example, LaRocca represented to at least one customer that there is "limited risk" in the Euro foreign currency market. LaRocca also represented to at least one customer that there is "really, no risk" in trading options, because "unlike futures, you know, after I get you back your initial investment, yes, that money is yours."

### 3. Defendants' Misrepresentations Concerning The Status Of Customer Accounts

25. Defendants reassured at least one customer that his trading account was profitable and doing well, when, in fact, his account was losing money.

26. On September 26, 2003, this customer opened an account with Qix, Inc., and invested $5000 through Next Financial. During the next few weeks, Defendants repeatedly called the customer, telling him that his account was doing great, and asking him to invest more

7

money. Based upon these representations, the customer invested a total of $23,300 over the next several weeks. When the customer asked to see a financial statement of all his transactions on October 14, 2003, Defendants told him that he had only a little over $5000 of his total investment.

### 4.     Defendants' Misrepresentations Regarding Their Trading Experience

27.     Next Financial and New World APs also misrepresented their level of education and trading experience to solicited customers. For example, LaRocca represented to a customer that he has a master's degree, when in fact LaRocca graduated from high school in June 2000.

28.     One Next Financial employee represented to a customer that Ettinger was very experienced and had been a broker in Europe for several years, when in fact Ettinger graduated from high school in 1997 and was a community college student in the United States until 2000. Ettinger himself represented to a different customer that he had twenty years' of trading experience. Ettinger is twenty-five years old.

## VI.    VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS

### COUNT ONE

**A.    Section 4c(b) of the Act and Section 32.9(a) and (c) of the Regulations: Fraud and Deceit in the Solicitation and Sales of Commodity Options**

29.     Plaintiff re-alleges paragraphs 1 through 28 above and incorporates these allegations herein by reference.

30.     From at least September 2003 and continuing through the present, Defendants Next Financial, New World, Ettinger, and LaRocca cheated, defrauded, or deceived other persons by making false, deceptive, or misleading representations of material facts and by failing to disclose necessary material facts, including, but not limited to, those statements and omissions

identified in paragraphs 13 through 28 above, all in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.9(a) and (c), 17 C.F.R. §§ 32.9(a) and (c).

31. Each commodity option transaction solicited and executed since September 2003, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.9(a) and (c), 17 C.F.R. § 32.9(a) and (c).

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff Commodity Futures Trading Commission respectfully requests that this Court, as authorized by Section 6c of the Act, and pursuant to its own equitable powers, enter:

(a) an order finding that the Defendants violated Section 4c(b) of the Act and Sections 32.9(a) and (c) of the Regulations;

(b) an ex parte statutory restraining order enjoining Defendants and all persons insofar as they are acting in the capacity of their agents, servants, successors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with them who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

1. Destroying, mutilating, concealing, altering, or disposing of any book and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations;

2. Refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures,

manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations; and

   3. Withdrawing, transferring, removing, dissipating, concealing or disposing of, in any manner, any funds, assets, or other property, wherever situated, including but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account held by, under the control of, or in the name of Defendants;

 (c) orders of preliminary and permanent injunction prohibiting the Defendants from engaging in conduct violative of Section 4c(b) of the Act and Sections 32.9(a) and 32.9(c) of the Regulations and from engaging in any commodity-related activity, including soliciting new customers, giving advice or other information in connection with the purchase or sale of commodity options contracts for others, and introducing customers to any other persons engaged in the business of commodity options trading;

 (d) an order directing the Defendants to disgorge, pursuant to such procedure as the Court may order, all benefits received from the acts or practices which constitute violations of the Act of Regulations, as described herein, and interest thereon from the date of such violations;

 (e) an order directing the Defendants to make full restitution, pursuant to such procedure as the Court may order, to every customer whose funds were received by them as a result of acts and practices which constituted violations of the Act and Regulations, as described herein, and interest thereon from the date of such violations;

 (f) an order directing the Defendants to pay a civil monetary penalty in the amount of not more than the higher of $120,000 or triple the monetary gain to each defendant for each violation of the Act or Regulations; and

(g)     such orders and further remedial ancillary relief as the Court may deem appropriate.

Respectfully submitted,

*Rachel Entman*
Rachel Entman, DC Bar No. 483713
rentman@cftc.gov
Erin E. Vespe, CT Bar No. 407295
evespe@cftc.gov
Gretchen L. Lowe, DC Bar No. 421995
glowe@cftc.gov
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone (202) 418-5000
Facsimile (202) 418-5523
Attorneys for Plaintiff Commodity Futures Trading Commission

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Commodity Futures Trading Commission

04-80562
CIV-RYSKAMP

**DEFENDANTS**
Next Financial Services Unlimited, Inc., New World Trading, LLC, Aaron Ettinger, and Robert LaRocca

MAGISTRATE JUDGE
VITUNAC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

9:04CV 80562 - Ryskamp, Vitunac

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Rachel Entman
Commodity Futures Trading Commission
1155 21st Street, NW Washington DC 20581

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

X (Palm Beach County) RE

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STAT'DIES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 810 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW(405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 All Other Statutory Actions |
| ☐ 290 All other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alleges that the defendants have violated Section 4c(b) of the Commodity Exchange Act, 7 U.S.C. §1 by fraudulently soliciting retail customers to invest in off-exchange foreign currency options.     Length of Trial: 5 days estimated for both sides to try entire case

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P 23
**DEMAND $** _____
CHECK YES only if demanded in Complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/21/04    SIGNATURE OF ATTORNEY OF RECORD Rachel Entman

**FOR OFFICE USE ONLY**
No fee "SEC"
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____